UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

JERMAIN CAMPBELL,

                                          PLAINTIFF,

                -AGAINST-

NEW YORK CITY and POLICE OFFICER JOHN DOE,
individually, and in their capacity as members of the New
York City Police Department,

                                          DEFENDANTS.

-------------------------------------------------------------------------- x

**COMPLAINT**

**ECF CASE**

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Jermain Campbell ("Mr. Campbell"),

   seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and

   Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 10, 2013, in which an officer of

   the New York City Police Department ("NYPD"), acting under color of state law,

   intentionally and willfully subjected Mr. Campbell to the use of excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against

   defendants and an award of costs and attorneys' fees, and such other and further relief

   as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and

   Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Campbell at all times here relevant resided at 115-33 196th Street, St. Albans, NY 11412.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer John Doe ("PO John Doe") at all times here relevant was a member of the NYPD, and is sued in his individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Campbell is a 43-year-old father of four children.

11. On or about May 10, 2013, at approximately 8:00 pm, Mr. Campbell received a phone call from a police officer asking him to come to the 113th Precinct.

12. Upon information and belief, a false accusation had been made against Mr. Campbell by the mother of his children.

13. Mr. Campbell went to the 113th precinct where he was arrested by PO John Doe.

14. PO John Doe handcuffed Mr. Campbell at approximately 12:00 am.

15. The handcuffs were extremely tight and caused severe pain to Mr. Campbell, and he immediately requested that the handcuffs be loosened.

16. Mr. Campbell continued to request that the handcuffs be loosened on numerous occasions.

17. PO John Doe refused to loosen the handcuffs and told Mr. Campbell, "that's what you get for being in trouble."

18. Mr. Campbell continued to suffer excruciating pain in his arms, hands and wrists, and suffered a shooting pain in his shoulder.

19. At approximately 4:00 am the next morning, the handcuffs were removed from Mr. Campbell.

20. Mr. Campbell asked for and was given two painkillers.

21. At approximately 6:00 am on May 11, 2013, Mr. Campbell was released without being charged.

22. Mr. Campbell continued to suffer pain and numbness in his arms, wrists and hands following his release.

23. On or about May 21, 2013, Mr. Campbell went to the Flushing Hospital Medical Center where he was diagnosed with Carpal Tunnel Syndrome and prescribed pain killers.

24. On or about July 25, 2013, Mr. Campbell underwent tests at TJH Medical Services Neurophysiology Lab., where he was diagnosed with Carpal Tunnel Syndrome by Dr. Nandakumar, a Board Certified Neurologist.

25. On or about September 9, 2013, Mr. Campbell attended physical therapy treatment for his injuries.

26. Mr. Campbell continues to feel traumatized by the events of May 10, 2013, and is wary and fearful when he sees police officers.

27. Mr. Campbell takes efforts to avoid police officers when in public.

28. Mr. Campbell has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

29. Mr. Campbell has suffered physically, mentally and financially as a result of this incident.

## FIRST CAUSE OF ACTION

### (42 USC 1983 – Excessive Force)

30. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

32. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

33. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            February 6, 2014

By:

Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075